**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALEJANDRO TAMAYOS-RAMOS,

    Petitioner

v.                                              CASE NO. 8:02-CV-2117-T-30TGW
                                                        8:00-CR-97-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

Petitioner initiated this action by filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (CR Dkt. 172/CV Dkt. 1). The Government has filed a response to the motion (CR Dkt. 183), and Petitioner has filed a reply thereto (CR Dkt. 184). The matter is now before the Court for consideration on the merits.

**Background**

On June 30, 2000, Petitioner pled guilty pursuant to a negotiated plea agreement to conspiracy to possess with the intent to distribute marijuana, in violation fo 21 U.S.C. § 846, and being in the United States unlawfully after having been deported for being a convicted felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (Dkt. 77). As one of the terms of his plea agreement, Petitioner expressly waived his right to appeal his sentence:

> directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(*Id.* at 15).

Petitioner was sentenced on October 4, 2000 (CR Dkt. 116). His conviction was affirmed on direct appeal on November 13, 2001. *See United States v. Tamayos-Ramos*, 277 F.3d 1377 (11th Cir. 2001) (Table). *See also* Dkt. 154. On November 15, 2002, Petitioner filed a motion seeking relief from his conviction and sentence pursuant to 28 U.S.C. § 2255 (CR Dkt. 172/CV Dkt. 1). Petitioner's December 5, 2002 request to amend his § 2255 motion was granted. Petitioner asserts the following claims for relief:

1. Whether the petitioner was coerced into signing plea agreement without the full knowledge of the consequences to follow;

2. Whether the United States breached the plea agreement;

3. Whether the United States erred in seeking deportation as a condition of the plea agreement; and

4. Whether defense counsel rendered ineffective assistance of counsel.

CR Dkt. 172. In response to the petition, the Government asserts, *inter alia*, that because Petitioner waived his right to appeal, directly or collaterally, in his plea agreement, the motion should be denied (CR Dkt. 183 at 7-8). For reasons discussed below, the Court agrees.

**Evidentiary Hearing**

Petitioner asserts that he is entitled to an evidentiary hearing on the claims asserted in his § 2255 motion. Rule 8 of the Rules Governing Section 2255 Proceedings provides, in pertinent part, that once all of the parties' documents have been filed with the court, "the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." *See also* Rules Governing Section 2255 Proceedings 8(a) advisory committee

note stating that the advisory committee note to Rule 8, Rules Governing Section 2254 Cases, is applicable to Rule 8 governing § 2255 proceedings; Rules Governing Section 2254 Cases 8(a) advisory committee note (stating that "[s]ince the function of an evidentiary hearing is to try issues of fact. . . , such a hearing is unnecessary when only issues of law are raised.") (citation omitted).

A petitioner has the burden of establishing the need for an evidentiary hearing. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir.) (en banc), *cert. denied*, 469 U.S. 874 (1984). Petitioner has not met that burden.  The Court finds that an evidentiary hearing is not required in this matter.  *See Jones v. United States*, 304 F.3d 1035, 1045 n.18  (11th Cir. 2002); *In re Boshears,* 110 F.3d 1538, 1541 n.1 (11th Cir. 1997) (recognizing that "hearing and findings of fact [are] not required for [a] § 2255 motion where 'the files and records of the case conclusively show that the prisoner is entitled to no relief' " (quoting 28 U.S.C. § 2255)).

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United*

*States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily, *see United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993), and guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

**Discussion**

When Petitioner entered his guilty plea, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. at 266-67. As set forth *supra*, pursuant to the plea agreement Petitioner executed, he waived the right to appeal, directly or collaterally, any factual or legal finding made by the Court in calculating the appropriate

guideline range, unless the Court upwardly departed or the Government appealed. The waiver includes claims of ineffective assistance of counsel at sentencing. *See Williams*, 396 F.3d at 1342.

During the change of plea hearing, Petitioner was placed on notice regarding the mandatory minimum and maximum terms of imprisonment for the offenses to which he agreed to plead guilty (CR Dkt. 103 at 23-24).[1] Petitioner served as a conduit for purchases of marijuana between co-defendant Hammons and Felipe, a Mexican national who supplied marijuana from Mexico. Rejecting Petitioner's argument that he was not accountable for the 4,700 pounds of marijuana to be delivered to co-defendant Hammond at a later date by Felipe, *see* Dkt. 134 at 12, the Court sentenced Petitioner to a term of 151-months imprisonment on each count, with the sentences to run concurrently with each other. The claims Petitioner asserts in his § 2255 motion do not fall within the exceptions to his appeal waiver, which would have permitted him to appeal only an upward departure from his

---

[1] *See* 21 U.S.C. § 846 ("[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy"); 21 U.S.C. § 841(a)(1). Title 18 U.S.C. 841 provides, in pertinent part, that "(a) . . . it shall be unlawful for any person knowingly or intentionally-- (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . . (b)(1) (A) In the case of a violation of subsection (a) of this section involving-- . . . (vii) 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1,000 or more marijuana plants regardless of weight; . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. Title 8 U.S.C. § 1326 prohibits illegal reentry into the United States. Section 1326(a) enumerates the elements of illegal entry and imposes a two-year maximum sentence. Section 1326(b) provides enhanced sentences of up to twenty years for aliens who were deported previously following aggravated felony convictions. *Almendarez-Torres v. United States*, 523 U.S. 224, 238, 247 (1998) (finding that § 1326(b) sentencing is an enhancement of the offense outlined in § 1326(a)).

Title 8 U.S.C. § 1326 provides, in pertinent part, that "any alien who . . . has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter . . . enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, . . . whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both."

guidelines range, a sentence imposed in excess of the statutory maximum, or a sentence imposed in violation of law apart from the sentencing guidelines (CR Dkt. 59 at 15), and the Government did not file an appeal. *See United States v. Bushert*, 997 F.2d at 1351 (courts will enforce waivers of appeal if made knowingly and voluntarily).  Thus, Petitioner's waiver of his right to challenge his sentence is controlling. *See Williams*, 396 F.3d at 1342.  *See also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

Having examined the transcript of the change of plea hearing, *see* CR Dkt. 103, the Court finds that a thorough Rule 11 colloquy was conducted, including a determination that Petitioner was competent at the time he entered his plea; a detailed review of the terms of the plea agreement, the charges, and the consequences of those charges; the rights Petitioner was giving up under the agreement, including the right to appeal, directly or collaterally; the mandatory minimum sentence and maximum sentence for the offenses; the factual basis for the charges; and the fact that Petitioner was entering his plea voluntarily and knowingly without any threats, force, or coercion, or any promises having been made to him that were not a part of the written plea agreement.  *Id.*  During the change of plea hearing, Petitioner acknowledged under oath that he had read the plea agreement and understood the terms set forth therein.  *Id*. at 16-17. The magistrate judge reviewed the appeal waiver provisions of the plea agreement with Petitioner during the Rule 11 colloquy (CR Dkt. 103 at 40-41).  The Court is satisfied that Petitioner understood the full significance of the waiver.

Petitioner negotiated an agreement with the Government regarding the disposition of his criminal charges and entered a guilty plea pursuant thereto (CR Dkts. 59, 77). As Petitioner pointed out in his appellate brief, "plea bargains have become an essential part

-6-

of our criminal justice system." *Id.* at 11. *See Santobello v. New York,* 404 U.S. 257, 261 (1971). A guilty plea is not "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. . . , but a 'grave and solemn act,' which is 'accepted only with care and discernment.'" *United States v. Hyde*, 520 U.S. 670, 677 (1997) (citation omitted). In *United States v. Jones*, the Eleventh Circuit stated:

> [W]e have consistently considered written plea agreements to be part of the record of the Rule 11 hearing. *See United States v. Hourihan,* 936 F.2d 508, (11th Cir. 1991); *United States v. Bell,* 776 F.2d 965, 969 (11th Cir. 1985), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986). *See also United States v. Padilla,* 23 F.3d 1220, 1221-22 (7th Cir. 1994) (looking to written plea agreement to determine if defendant knew of mandatory minimum sentence). We hold that where a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with [and] [t]he defendant's substantial rights were not violated.

143 F.3d 1417, 1420 (11th Cir. 1998). In this circuit, "[a] plea agreement is, in essence, a contract between the Government and a criminal defendant. Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. . . . [t]he plea agreement is . . . enforceable." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999) (citation omitted). *See also United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Aware of the charges and possible defenses to those charges, Petitioner elected to enter his plea to avoid the possibility of a more severe sentencing outcome if convicted at trial. He bargained with the Government and agreed to plead guilty to being a criminal alien within the United States illegally and conspiring to possess with intent to distribute marijuana in exchange for the Government's promise to dismiss the charge of possession

with intent to distribute marijuana. An otherwise valid plea is not involuntary because it was induced by a defendant's desire to limit the possible maximum penalty to less than that authorized if there were a jury trial. *See Parker v. North Carolina*, 397 U.S. 790 (1970).

After observing Petitioner in court, querying him under oath regarding his understanding of the proceedings and the charges against him, and reviewing the terms of the plea agreement, paragraph by paragraph, with him, the magistrate judge found as follows:

> After cautioning and examining [Petitioner] under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary as to each count, and that the offenses charged are supported by an independent basis in fact containing each of the essential elements of such offenses. I therefore recommend that the plea of guilty be accepted and that the [Petitioner] be adjudged guilty and have sentence imposed accordingly.

CR Dkt. 80. Petitioner has not presented any basis for the Court to question the magistrate's findings. Statements by a defendant at the Rule 11 proceedings are accepted as conclusive unless he reasonably alleges why this should not be so. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1997). Petitioner fails to meet this burden.

Petitioner does not assert that he did not know that the appeal waiver was included in the plea agreement. The language in the plea agreement is clear and unambiguous, and there is nothing in the record to overcome the persuasive evidence of Petitioner's statements at the plea hearing. He cannot now successfully claim ignorance of its affect on his right to appeal.

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Petitioner has had the benefit of his bargain – the possession charge was dismissed (CR

-8-

Dkt. 116). The Government is likewise entitled to the benefit of its bargain. Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing. *See Bushert*, 997 F.2d at 1350. He was not promised anything that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

The imposition of a sentence greater than that expected by Petitioner, or predicted by counsel, alone, is not adequate grounds for vacating the sentence under 28 U.S.C. § 2255. *See United States v. Frontero*, 452 F.2d 406, 411 (5th Cir. 1971) (finding that ordinarily, a defendant cannot "rely on the promise of the prosecutor, who has no authority to make sentencing promises, or on the inaccurate representations of an overzealous attorney."); *Berlanga v. United States*, 394 F.2d 615 (5th Cir. 1968); *Floyd v. United States*, 260 F.2d 910, 912 (5th Cir. 1958), *cert denied*, 359 U.S. 947 (1959) ("It has nowhere been held that if counsel advises his client in good faith that a plea of guilty will result in a recommendation of a lighter sentence . . . this strips a plea of its voluntary nature."). *See also United States v. Pallotta*, 433 F.2d 594, 595 (1st Cir. 1970) (finding that a "[m]ere prediction by counsel of the court's likely attitude on sentence, short of some implication of an agreement or understanding, is not ground for attacking a plea.") (quoting *Domenica v. United States*, 292 F.2d 483, 485 (1st Cir. 1961)).

## Conclusion

Having reviewed the record, arguments presented by the parties, applicable statutes, and controlling case law in this circuit, the Court finds that by virtue of his guilty plea and sentencing appeal waiver, Petitioner has waived his right to seek collateral relief under § 2255.

-9-

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (CR Dkt. 172) is **DENIED**.

2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close Case No. 8:02-CV-2117-T-30TGW.

**DONE** and **ORDERED** in Tampa, Florida on August 17, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

SA:jsh